UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS AT BOSTON

ALICIA HASLAM,

    Plaintiff,

-v-

SHUSTER LABORATORIES, INC.

    Defendant.

05 10809 RWZ

CIVIL NO.

RECEIPT # 63727
AMOUNT $ 250.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 —
WAIVER FORM —
MCF ISSUED —
BY DPTY. CLK. M.P.
DATE 4/22/05

**COMPLAINT and**
**JURY TRIAL DEMAND**

**Jurisdiction**

MAGISTRATE JUDGE JLA

1. This action arises under the laws of the United States and is brought pursuant to Title 42, §§ 1211, et seq. of the United States Code, the Americans with Disabilities Act of 1990 (herein referred to as the ADA) as amended; Title 29, §§ 2611 et seq. of the United States Code, the Family Medical Leave Act of 1993 (hereinafter referred to as the FMLA) as amended; Title 29, §§ 1001, et seq. of the United States Code, the Employment Retirement Income Security Act of 1974 (herein after referred to as ERISA) as amended; and Title 29, §§ 201, et seq. of the United States Code, the Fair Labor Standards Act (hereinafter referred to as FLSA) as amended. Jurisdiction is based upon the existence of questions arising therefrom as more fully appears below.

**The Parties**

2. Your Plaintiff, Alicia Haslam is a resident of the Commonwealth of Massachusetts.

1

3. The Defendant, Shuster Laboratories, Inc. is a corporation organized under the laws of the Commonwealth of Massachusetts and has a principal place of business in Quincy, Massachusetts. At all relevant times Shuster Laboratories, Inc. had more than 100 employees.

## Background

4. The Plaintiff began her employment with the Defendant in 1999 as a Project Manager.

5. On or about June 30, 2004, the Plaintiff was promoted to the position of Account Manager.

6. From time to time, the Plaintiff was required to work more than 40 hours in a given work week, but was not paid overtime pay. However, when Plaintiff did work over 40 hours per week, she was often permitted to take "comp time." In other words, she would earn additional days to take off instead of being paid overtime pay.

7. The Plaintiff's position with the Defendant did not include the exercise of any discretion and independent judgment. She did not have the power to hire and fire any employee at any time, nor did she supervise any employees, despite having the title of Account "Manager."

8. The Plaintiff's duties included answering telephone calls from clients, writing reports, setting up test plans, and the remainder of her duties were administrative (such as faxing, photocopying, looking for samples, participating in sensory panels, attending group meetings, client billing, required weekly reports to management and required training sessions).

9. Up until the Summer of 2004, the Plaintiff enjoyed praise for her job performance.

10. On or about January 2004, the Plaintiff began experiencing symptoms associated with kidney stones. This required Plaintiff to be out of work for a considerable period of time. During this time, Shuster accommodated the Plaintiff by giving her this time off in the form of taking earned sick days and vacation.

11. On or about June 18, 2004, the Plaintiff learned that she needed to undergo a hysterectomy. The Plaintiff informed her employer that her physicians had informed her that it would be necessary that she go out on short-term disability.

12. In or around June 2, 2004, the Plaintiff was told by management that if she went out on short term disability, her employment would be terminated. The short term disability plan was, upon information and belief, administered by the Defendant, and is a health and welfare benefit plan as is contemplated by ERISA.

13. On or about July 13, 2004, the Plaintiff properly invoked her rights under the Family Medical Leave Act to cover the period of her disability. She applied for and received short-term disability.

14. Plaintiff was scheduled to undergo surgery on August 11th 2004, but she did not due to medical complications that were beyond beyond her control.

15. Plaintiff did not receive the next scheduled disability check, and contacted Shuster to inquire the status of it. At that time, Shuster told her that they learned, through someone other than Plaintiff's physician and Plaintiff, that she did not undergo the surgery as previously scheduled. Based on that second hand information, Defendant withheld her disability paycheck yet never informed her of their intent to do so, or that they in fact did so, until Plaintiff contacted them to inquire.

16. Upon information and belief, Shuster did not believe that Plaintiff's request for medical leave was legitimate, despite having medical documentation to the contrary and/or they were being gratuitously vindictive and cruel during a very painful time in the Plaintiff's life because they regarded her as being substantially limited in a major life activity, or alternatively were outraged that she invoked not only her rights under the FMLA, but sought and obtained short term disability benefits.

17. Shortly prior to this time, the Plaintiff had asked the Defendant to permit her to take comp time, in other words, to credit her time off with those hours she worked in excess of 40 hours. A company policy allowed the Plaintiff to apply this hourly time to time off. Yet the Plaintiff was informed that the company policy no longer applied to her.

18. In a letter dated August 30th 2004, the Plaintiff's physicians provided the Defendant additional medical information they required for Plaintiff to be entitled to the leave.

4

19. On or about October 4, 2004 the Plaintiff received a performance appraisal from her employer. The review specifically references the Plaintiff's absences in the past year, and because of those absences, it has caused other people at Shuster to "question....[the Plaintiff's] reliability to contribute to Shuster." On that same date, the Plaintiff was put on a 45-day job performance plan, which ultimately demanded that the Plaintiff no longer be absent.

20. Shuster's claim that Plaintiff's job performance was sub-par was in retaliation for her invoking her requests for accommodation (which were nonetheless granted), because they regarded her as disabled, because she invoked her rights under the FMLA and/or because she sought and obtained benefits from the Defendant's short term disability plan. In addition, Shuster created a hostile work environment for those same reasons.

21. On or about October 21, 2004, the Plaintiff received an email from Kaveh Afshar, not a party hereto, suggesting that Plaintiff could resign at any time.

22. At no time prior to October 2004 did Shuster ever inform the Plaintiff that her requested accommodations were unreasonable, or that they were unable to provide them, other than their attempts to sway the Plaintiff away from applying for short-term disability benefits, and their hostile treatment of the Plaintiff during her medical leave, and the hostile work environment created upon her return to work.

23. On or about November 4, 2004, the Plaintiff filed a complaint with the Massachusetts Commission Against Discrimination and assigned docket

number: 04 BEM 03268. Upon information and belief, the complaint was also filed with the Equal Employment Opportunity Commission and assigned docket no. 16 CA 500379.

24. On or about February 9, 2005, the Plaintiff received, following a request, a Right to Sue letter from the Equal Employment Opportunity Commission.

25. On or about February 14, 2005, the Plaintiff was terminated from her job.

## Count I
### Violations of the Americans with Disabilities Act

26. Paragraphs 1 through 25 of this complaint are incorporated herein as if fully set forth.

27. Based on the foregoing, the Plaintiff is an individual with an impairment that substantially limits a major life activity, or alternatively was regarded by the Defendant as having an impairment that substantially limits a major life activity, and is otherwise qualified person with a disability.

28. The actions of the Defendant as aforesaid are unlawful because they were directed to the Plaintiff because she is a qualified person with a disability, or because she was regarded as being a qualified person with a disability, and thus, they violate the Americans with Disabilities Act.

29. As a result of the unlawful actions of the Defendant, as aforesaid, the Plaintiff has suffered emotional distress damages.

30. As a result of the unlawful actions of the Defendant, as aforesaid, the Plaintiff has suffered lost wages.

31. As a result of the unlawful actions of the Defendant, as aforesaid, the Plaintiff has been forced to incur costs and attorneys fees in prosecuting this action.

32. The actions of the Defendant, as aforesaid, amount to a callous and reckless disregard for the Plaintiff's civil rights.

## Count II
### Chapter 151B of the Massachusetts General Laws

33. Paragraphs 1 through 25 of this complaint are incorporated herein as if fully set forth.

34. Based on the foregoing, the Plaintiff is an individual with an impairment that substantially limits a major life activity, or alternatively was regarded by the Defendant as having an impairment that substantially limits a major life activity, and is otherwise qualified person with a disability.

35. The actions of the Defendant as aforesaid are unlawful because they were directed to the Plaintiff because she is a qualified person with a disability, or because she was regarded as being a qualified person with a disability, and thus, they violate Chapter 151B of the Massachusetts General Laws.

36. As a result of the unlawful actions of the Defendant, as aforesaid, the Plaintiff has suffered emotional distress damages.

37. As a result of the unlawful actions of the Defendant, as aforesaid, the Plaintiff has suffered lost wages.

38. As a result of the unlawful actions of the Defendant, as aforesaid, the Plaintiff has been forced to incur costs and attorneys fees in prosecuting this action.

39. The actions of the Defendant, as aforesaid, amount to a callous and reckless disregard for the Plaintiff's civil rights.

## Count III
### Employment Retirement Income Security Act of 1974

40. Paragraphs 1 through 23 of this complaint are incorporated herein as if fully set forth.

41. Shuster's actions in threatening the Plaintiff with termination if she were to apply for short term disability benefits is prohibited employer conduct as contemplated by ERISA.

42. Upon information and belief, Shuster specifically intended to interfere with the Plaintiff's attainment of rights under the short term disability plan that she was entitled to.

43. As a result of the unlawful actions of the Defendant, as aforesaid, the Plaintiff has suffered emotional distress damages.

44. As a result of the unlawful actions of the Defendant, as aforesaid, the Plaintiff has suffered lost wages.

45. As a result of the unlawful actions of the Defendant, as aforesaid, the Plaintiff has been forced to incur costs and attorneys fees in prosecuting this action.

## Count IV
## Family Medical Leave Act

46. Paragraphs 1 through 25 of this complaint are incorporated herein as if fully set forth.

47. The actions of the Defendant as aforesaid are unlawful because they were directed to the Plaintiff because she invoked her rights under the Family Medical Leave Act.

48. As a result of the unlawful actions of the Defendant, as aforesaid, the Plaintiff has suffered emotional distress damages.

49. As a result of the unlawful actions of the Defendant, as aforesaid, the Plaintiff has suffered lost wages.

50. As a result of the unlawful actions of the Defendant, as aforesaid, the Plaintiff has been forced to incur costs and attorneys fees in prosecuting this action.

## Count V
## Fair Labor Standards Act

51. Paragraphs 1 through 23 of this complaint are incorporated herein as if fully set forth.

52. Despite Defendant Shuster's assertions to the contrary, Plaintiff was at no time an exempt employee as is contemplated by the Fair Labor Standards Act and the Code of Federal Regulations.

53. Defendant Shuster's policy to allow employees to take "comp time" in lieu of paying overtime was unlawful and violated the FLSA.

54. Defendant Shuster's refusal to pay the Plaintiff overtime pay for the hours she worked was also unlawful and violated the FLSA.

55. As a result of the unlawful actions of the Defendant as aforesaid, the Plaintiff has lost wages, and is entitled to compensation for overtime hours worked.

## Count VI
### Retaliation under Chapter 151B and the ADA

56. Paragraphs 1 through 25 of this complaint are incorporated herein as if fully set forth.

57. The filing of the complaint with the Massachusetts Commission Against Discrimination is a protected activity as is contemplated by Chapter 151B of the General Laws.

58. The filing of the complaint with the Massachusetts Commission Against Discrimination is a protected activity as is contemplated by the ADA, specifically, 42 USC 12203.

59. The termination of her employment, long after the expiration of her 45 day performance plan, and less than one week after she received a Right to Sue letter from the EEOC was in retaliation for her engaging in the above described protected activity.

60. As a result of the unlawful actions of the Defendant, as aforesaid, the Plaintiff has suffered emotional distress damages.

61. As a result of the unlawful actions of the Defendant, as aforesaid, the Plaintiff has suffered lost wages.

62. As a result of the unlawful actions of the Defendant, as aforesaid, the Plaintiff has been forced to incur costs and attorneys fees in prosecuting this action.

WHEREFORE, your Plaintiff prays that judgment be entered in her favor, and that this Court ORDER:

a. That the Plaintiff be awarded compensatory damages;

b. That the Plaintiff be awarded punitive damages;

c. That the Defendant be enjoined from further violations of the FLSA, ERISA, the FMLA and the ADA;

d. That the Defendant be required to pay the Plaintiff the costs of bringing this action including but not limited to reasonable attorneys fees; and

e. Any additional relief that this court deems equitable, just and proper.

Respectfully submitted:
THE PLAINTIFF
Alicia Haslam

By her counsel:

DATED:     April 20, 2005

William J. McLeod, BBO /560572
McLeod Law Offices, PC
77 Franklin Street
Boston, MA  02110
(617) 542-2956/phone
(617) 695-2778/fax
wjm@mcleodlawoffices.com

11

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS AT BOSTON

ALICIA HASLAM,

    Plaintiff,

-v-                                    CIVIL NO.

SHUSTER LABORATORIES, INC.

    Defendant.

## JURY TRIAL DEMAND

TO THE CLERK:

The Plaintiff in the above captioned matter respectfully requests a jury trial on all claims so triable.

                                      Respectfully submitted:
                                      THE PLAINTIFF
                                      Alicia Haslam

                                      By her counsel:

DATED:    April 20, 2005

                                      William J. McLeod, BBO 560572
                                      McLeod Law Offices, PC
                                      77 Franklin Street
                                      Boston, MA  02110
                                      (617) 542-2956/phone
                                      (617) 695-2778/fax
                                      wjm@mcleodlawoffices.com

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS AT BOSTON

---

ALICIA HASLAM,

    Plaintiff,

-v-                                          CIVIL NO.

SHUSTER LABORATORIES, INC.

    Defendant.

---

### JURY TRIAL DEMAND

TO THE CLERK:

The Plaintiff in the above captioned matter respectfully requests a jury trial on all claims so triable.

                      Respectfully submitted:
                      THE PLAINTIFF
                      Alicia Haslam

                      By her counsel:

DATED:    April 20, 2005

                      William J. McLeod, BBO# 560572
                      McLeod Law Offices, PC
                      77 Franklin Street
                      Boston, MA 02110
                      (617) 542-2956/phone
                      (617) 695-2778/fax
                      wjm@mcleodlawoffices.com

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Alicia Haslam

**(b)** County of Residence of First Listed Plaintiff: **Plymouth**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
William J. McLeod, McLeod Law Offices, PC, 77 Franklin Street
Boston, MA 02110  617.542.2956

### DEFENDANTS
Shuster Laboratories, Inc.

County of Residence of First Listed Defendant: **Norfolk**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

(stamp: 05 10809 RWZ)

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CIVIL RIGHTS**: ☒ 442 Employment

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 1211 (ADA) and other statutes

Brief description of cause: Employment Discrimination and wage claim.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE: 04/20/2005
SIGNATURE OF ATTORNEY OF RECORD: /s/

FOR OFFICE USE ONLY
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Alicia Haslam v. Shuster Laboratories, Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [✓] II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.  *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

   **05 10809 RWZ**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   n/a

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]  NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]  NO [✓]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]  NO [✓]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]  NO [ ]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [✓]  NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [✓]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]  NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __William J. McLeod, McLeod Law Offices, PC__
ADDRESS __77 Franklin Street, Boston, MA 02110__
TELEPHONE NO. __617.542.2956__

(CategoryForm.wpd - 2/15/05)