UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALICIA HASLAM,<br><br>    Plaintiff,<br><br>v.<br><br>SHUSTER LABORATORIES, INC.,<br><br>    Defendant. | Civil Action No. 05-10809-RWZ |

## ANSWER AND AFFIRMATIVE DEFENSES

1. The introductory paragraph calls for a legal conclusion to which no responsive pleading is required.  To the extent a responsive pleading is deemed necessary, Defendant denies the allegations contained within paragraph 1 of the Complaint.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 2 of the Complaint.

3. Defendant admits that Shuster Laboratories, Inc. is a corporation.  Defendant denies the remaining allegations contained within paragraph 3 of the Complaint.

4. Defendant admits the allegations within paragraph 4 of the Complaint.

5. Defendant denies the allegations within paragraph 5 of the Complaint.

6. Defendant admits that, during her employment with Defendant, Plaintiff at times worked more than 40 hours in a given work week.  Answering further, Defendant states that Plaintiff was an exempt employee, and that it did not pay Plaintiff overtime pay or provide days off in lieu of

overtime pay. Defendant denies the remaining allegations contained within paragraph 6 of the Complaint.

7. Defendant denies the allegations set forth in the first sentence of paragraph 7 of the Complaint. Defendant admits the allegations contained within the second sentence of paragraph 7 of the Complaint.

8. Defendant admits that Plaintiff's duties during her employment with Defendant included the duties identified in paragraph 8 of the Complaint, but denies the remaining allegations contained within paragraph 8 of the Complaint.

9. Defendant denies the allegations contained within paragraph 9 of the Complaint.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first two sentences of paragraph 10 of the Complaint. Defendant admits that, between January and June of 2004, Plaintiff was allowed to take paid time off from work, even in excess of that allowed by policy, but denies that Plaintiff notified Defendant of any medical condition or requested an accommodation from Defendant prior to June 2, 2004.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 11 of the Complaint. Defendant admits that Plaintiff did indicate at some point that she would need a temporary leave of absence; Defendant otherwise denies the allegations contained within the second sentence of paragraph 11 of the Complaint.

12. Defendant denies the allegations contained within the first sentence of paragraph 12 of the Complaint. Defendant admits that it administers its short-term disability plan; the remaining

allegations set forth in the second sentence of paragraph 12 of the Complaint call for a legal conclusion to which no responsive pleading is required.

13.     The allegations contained within the first sentence of paragraph 13 of the Complaint purport to characterize the Certification of Plaintiff's Health Care Provider, which document speaks for itself, and Defendant denies the allegations contained within the first sentence of paragraph 13 of the Complaint to the extent they misstate or mischaracterize this document. Defendant admits the allegations contained within the second sentence of paragraph 13 of the Complaint.

14.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 14 of the Complaint.

15.     Defendant admits that Plaintiff's first short-term disability check was delayed until Defendant received appropriate medical documentation from Plaintiff's doctor; Defendant otherwise denies the allegation set forth in the first sentence of paragraph 15 of the Complaint. Defendant admits that it learned that Plaintiff had not undergone surgery as scheduled, but denies the remaining allegations set forth in paragraph 15 of the Complaint

16.     Defendant denies the allegations contained within paragraph 16 of the Complaint.

17.     Defendant denies the allegations contained within paragraph 17 of the Complaint. Answering further, Defendant states that Plaintiff was provided time off in excess of that provided for by policy.

18.     The allegations set forth in paragraph 18 of the Complaint purport to characterize a letter from Plaintiff's physician, which document speaks for itself; Defendant denies the allegations contained within paragraph 18 of the Complaint to the extent they misstate or mischaracterize this document.

19.   Defendant admits that a performance appraisal was provided to Plaintiff on or about October 4, 2004. The allegations set forth in the second and third sentences of paragraph 19 of the Complaint purport to characterize Plaintiff's October 2004 performance review and 45-day job performance plan, which documents speak for themselves; Defendant denies the allegations in the second and third sentences of paragraph 19 of the Complaint to the extent that they misstate or mischaracterize these documents.

20.   Defendant denies the allegations contained within paragraph 20 of the Complaint.

21.   The allegations set forth in paragraph 21 of the Complaint purport to characterize a communication from Kaveh Afshar on October 21, 2004, which document speaks for itself; Defendant denies the allegations set forth in paragraph 21 of the Complaint to the extent that they misstate or mischaracterize this document.

22.   Defendant denies the allegations contained within paragraph 22 of the Complaint.

23.   The allegations contained within paragraph 23 of the Complaint purport to characterize Plaintiff's Charges of Discrimination, which documents speak for themselves; Defendant denies the allegations set forth in paragraph 23 of the Complaint to the extent they misstate or mischaracterize this document.

24.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25.   Defendant admits the allegations contained within paragraph 25 of the Complaint.

Count I
(Americans With Disabilities Act)

26.   Defendant repeats and incorporates by reference its responses to paragraphs 1 through 25 of the Complaint.

27.   Defendant denies the allegations contained within paragraph 27 of the Complaint.

28. Defendant denies the allegations contained within paragraph 28 of the Complaint.

29. Defendant denies the allegations contained within paragraph 29 of the Complaint.

30. Defendant denies the allegations contained within paragraph 30 of the Complaint.

31. Defendant denies the allegations contained within paragraph 31 of the Complaint.

32. Defendant denies the allegations contained within paragraph 32 of the Complaint.

Count II
(Chapter 151B of the Massachusetts General Laws)

33. Defendant repeats and incorporates by reference its responses to paragraphs 1 through 25 of the Complaint.

34. Defendant denies the allegations contained within paragraph 34 of the Complaint.

35. Defendant denies the allegations contained within paragraph 35 of the Complaint.

36. Defendant denies the allegations contained within paragraph 36 of the Complaint.

37. Defendant denies the allegations contained within paragraph 37 of the Complaint.

38. Defendant denies the allegations contained within paragraph 38 of the Complaint.

39. Defendant denies the allegations contained within paragraph 39 of the Complaint.

Count III
(Employee Retirement Income Security Act)

40. Defendant repeats and incorporates by reference its responses to paragraphs 1 through 23 of the Complaint.

41. Defendant denies the allegations contained within paragraph 41 of the Complaint.

42. Defendant denies the allegations contained within paragraph 42 of the Complaint.

43. Defendant denies the allegations contained within paragraph 43 of the Complaint.

44. Defendant denies the allegations contained within paragraph 44 of the Complaint.

45. Defendant denies the allegations contained within paragraph 45 of the Complaint.

Count IV
(Family and Medical Leave Act)

46. Defendant repeats and incorporates by reference its responses to paragraphs 1 through 25 of the Complaint.

47. Defendant denies the allegations contained within paragraph 47 of the Complaint.

48. Defendant denies the allegations contained within paragraph 48 of the Complaint.

49. Defendant denies the allegations contained within paragraph 49 of the Complaint.

50. Defendant denies the allegations contained within paragraph 50 of the Complaint.

Count V
(Fair Labor Standards Act)

51. Defendant repeats and incorporates by reference its responses to paragraphs 1 through 23 of the Complaint.

52. Defendant denies the allegations contained within paragraph 52 of the Complaint.

53. Defendant denies the allegations contained within paragraph 53 of the Complaint.

54. Defendant denies the allegations contained within paragraph 54 of the Complaint.

55. Defendant denies the allegations contained within paragraph 55 of the Complaint.

Count VI
(Retaliation Under Chapter 151B and the ADA)

56. Defendant repeats and incorporates by reference its responses to paragraphs 1 through 25 of the Complaint.

57. The allegations set forth in paragraph 57 of the Complaint above call for a legal conclusion to which no responsive pleading is required.

58. The allegations set forth in paragraph 58 of the Complaint above call for a legal conclusion to which no responsive pleading is required.

59. Defendant denies the allegations contained within paragraph 59 of the Complaint.

60. Defendant denies the allegations contained within paragraph 60 of the Complaint.

61. Defendant denies the allegations contained within paragraph 61 of the Complaint.

62. Defendant denies the allegations contained within paragraph 62 of the Complaint.

The final paragraph of the Complaint sets forth Plaintiff's proposed remedies and prayers for relief to which no responsive pleading is required, except that Defendant denies any liability to Plaintiff.

**WHEREFORE**, Defendant requests that the Complaint be dismissed in its entirety with prejudice and that Defendant be awarded its attorneys' fees and costs and such other and further relief as the Court deems proper.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff cannot establish a *prima facie* case with respect to claims based upon disability, perceived disability or retaliation.

## THIRD DEFENSE

Plaintiff was not a qualified disabled person and/or able to perform the essential functions of her job with or without reasonable accommodation.

## FOURTH DEFENSE

Defendant's actions were taken in good faith, in furtherance of legitimate business reasons, and were not discriminatory.

## FIFTH DEFENSE

Plaintiff cannot prove that Defendant's legitimate nondiscriminatory reasons for its actions were merely a pretext for disability discrimination or retaliation.

## SIXTH DEFENSE

Plaintiff failed to satisfy the statutory, procedural, or administrative prerequisites to her claims.

## SEVENTH DEFENSE

Some or all of Plaintiff's alleged damages are not recoverable.

## EIGHTH DEFENSE

Plaintiff has failed, and continues to fail, to mitigate her alleged damages.

## NINTH DEFENSE

Attorneys' fees are not recoverable by Plaintiff for some of the claims for relief alleged in the Complaint.

## TENTH DEFENSE

Any claims Plaintiff makes for equitable relief are barred because Plaintiff has an adequate remedy at law.

## ELEVENTH DEFENSE

Defendant hereby gives notice that it intends to rely upon such other and further affirmative defenses as may become apparent during the proceedings in this case.

Respectfully submitted,

SHUSTER LABORATORIES, INC.

By its attorneys,

**HOLLAND & KNIGHT LLP**

_____
Liam T. O'Connell (BBO# 558249)
Leigh Earls Slayne (BBO# 567865)
Maura Gerhart (BBO# 654695)
10 St. James Avenue
Boston, MA 02116
(617) 523-2700

Dated: June 24, 2005

# 2840060_v1