UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALICIA HASLAM,<br><br>                        Plaintiff,<br><br>v.<br><br>SHUSTER LABORATORIES, INC.,<br><br>                        Defendant. | Civil Action No. 05-10809 RWZ |

## OPPOSITION TO MOTION TO COMPEL TESTIMONY FROM NON-PARTY WITNESSES AND FOR SANCTIONS

Defendant Shuster Laboratories, Inc. ("Shuster") hereby opposes the Motion to Compel Testimony from Non-Party Witnesses and for Sanctions filed by Plaintiff Alicia Haslam (the "Motion to Compel"). As grounds for this Opposition to the Motion to Compel (the "Opposition"), Shuster states as follows:

1. Plaintiff is seeking to compel deposition testimony from two current employees of Shuster, Maryann Sullivan and Scott Williams, regarding conversations between those employees and Liam O'Connell, counsel for Shuster in the above-captioned case.

2. In support of her Motion to Compel, Plaintiff argues that none of the communications between Attorney O'Connell and these employees are privileged because the employees are not within any "control group" for the purposes of the issues presented by the case and are not represented by Attorney O'Connell in their individual capacities. In support of her argument, Plaintiff cites In re Bevill, Bresler & Schulman Asset Mgmt. Corp., 805 F.2d 120 (3rd Cir. 1986) (listing factors to be considered in determining whether an employee is individually represented by corporate counsel), along with other cases citing to In re Bevill, and Messing, Rudavsky & Weliky, P.C. v. President & Fellows of Harvard College, 436 Mass. 347 (Mass.

2002) (discussing the scope of ex parte contact with current employees under Massachusetts law). Neither of these cases addresses the issue of the scope of the attorney-client privilege with respect to conversations between corporate counsel and the employees of a corporation.

3. The scope of the attorney-client privilege in this context is controlled by the Supreme Court decision in Upjohn Co. v. United States, 449 U.S. 383 (1981). The Upjohn decision explicitly rejected the "control group" test espoused by Plaintiff, recognizing that limiting the scope of the privilege to conversations with employees who are in a position of authority "overlooks the fact that the privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice." 449 U.S. at 390. The Supreme Court in Upjohn held that communications between corporate counsel (in the instant case, Attorney O'Connell) and the corporation's employees (Ms. Sullivan and Mr. Williams) are privileged when the communications are made for the purpose of the corporation obtaining legal advice. Id. at 392-96.

4. Therefore, to the extent that Plaintiff seeks to compel deposition testimony about conversations between the two employees (or any other Shuster employees) and Attorney O'Connell that occurred for the purposes of Attorney O'Connell providing Shuster with legal advice, those conversations are privileged and should not be disclosed. Shuster acknowledges that any other conversations between Attorney O'Connell and the two witnesses at issue, whom Attorney O'Connell does not represent in an individual capacity, are the proper subject of inquiry by Plaintiff.

WHEREFORE, Shuster requests that this Court deny Plaintiff's Motion to Compel Testimony from Non-Party Witnesses and for Sanctions to the extent that Plaintiff seeks testimony about privileged conversations between corporate counsel for Shuster and employees of Shuster.

SHUSTER LABORATORIES, INC.,

By its attorneys,

HOLLAND & KNIGHT LLP

/s Maura J. Gerhart
Liam T. O'Connell (BBO# 558249)
Maura J. Gerhart (BBO# 654695)
Holland & Knight LLP
10 St. James Avenue
Boston, MA
(617) 523-2700
ltoconne@hklaw.com
mjgerhar@hklaw.com

Dated: August 7, 2006

I hereby certify that this documents(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on August 7, 2006.

/s Maura J. Gerhart